IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mark A. Williams and Lessie M. Williams, as Next Friends of M.E.W., a minor under the age of eighteen,<br><br>Plaintiffs,<br><br>vs.<br><br>Horry County School District, South Carolina Department of Education, Dawn McKinney, in her individual capacity, Julia Long, in her individual capacity, Dr. David Benson, in his individual capacity, and Michael P. McGrory, in his individual capacity and as an employee/agent of Horry County School District,<br><br>Defendants. | Case No.: 4:26-cv-01969-JD<br><br>**MEMORANDUM ORDER AND OPINION** |

Before the Court is the Motion to Dismiss (DE 6) filed by Defendants Dawn McKinney ("McKinney"), Julia Long ("Long"), and Dr. David Benson ("Benson") (collectively, "Moving Defendants") under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs responded (DE 14), and Moving Defendants replied (DE 15). For the reasons below, the Court GRANTS the Motion, and Plaintiffs are granted leave to amend as set forth below.

## I. BACKGROUND

The following facts are taken from Plaintiffs' Complaint (DE 1-1). At this stage, the Court accepts Plaintiffs' well-pleaded factual allegations as true and draws reasonable inferences in their favor.

## A. Factual Background

Plaintiffs Mark A. Williams and Lessie M. Williams bring this action as next friends of M.E.W., their ten-year-old child, who attends school within the Horry County School District ("HCSD") and has been diagnosed with autism. (DE 1-1 ¶¶ 1–2, 11.) The Complaint arises from alleged physical mistreatment of M.E.W. by Michael P. McGrory ("McGrory"), an HCSD school bus driver. (*Id.* ¶¶ 8, 17–20.)

McKinney is the principal of Palmetto Bays Elementary School, which M.E.W. attends; Long is the assistant principal; and Benson is HCSD's executive director of transportation. (*Id.* ¶¶ 5–7.)

On February 18, 2026, M.E.W. boarded McGrory's bus with a lollipop in his mouth. McGrory allegedly grabbed him by the shirt collar, placed him in a headlock or chokehold, and removed the lollipop. (*Id.* ¶ 17.) After McGrory released him, M.E.W. went to his seat and threw a shoe at McGrory, who then allegedly grabbed, jerked, struck, shook, restrained, or otherwise used force against him. (*Id.* ¶¶ 18–20.)

Plaintiffs also allege, upon information and belief, that this conduct occurred in McKinney's presence. (*Id.* ¶ 27.) They allege that McGrory was then permitted to transport the students home, including M.E.W. (*Id.* ¶ 28.) McKinney allegedly informed Plaintiffs that M.E.W. was being suspended for throwing his shoe, described him as "the aggressor," and declined their request to view the bus video. (*Id.* ¶¶ 29–30.)

Before the incident, Plaintiffs allegedly complained to McKinney and Long about McGrory's treatment of children and contacted the Transportation Department; other parents allegedly complained of profanity and verbal abuse. (*Id.* ¶¶ 15–16.) Plaintiffs contend that the failure to address these complaints exposed M.E.W. to harm. (*Id.* ¶¶ 61, 65.) The Complaint asserts one cause of action against McKinney, Long, and Benson, designated as a § 1983 state-created-danger claim. (*Id.* ¶¶ 58–67.)

### B. Procedural Background

Plaintiffs filed the Complaint in the Horry County Court of Common Pleas on April 1, 2026. Defendants removed the action on May 15, 2026. (DE 1.) The Court has federal-question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

Moving Defendants filed DE 6 on May 22, 2026. After receiving an extension, Plaintiffs responded on June 19, 2026 (DE 14), and Moving Defendants replied on June 24, 2026 (DE 15). The Motion is fully briefed and ripe for disposition.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiffs' favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). To survive dismissal, the Complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions and threadbare recitations of the elements do not suffice; the factual allegations must permit a reasonable inference of liability. *Id.* at 678–79; *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Moving Defendants seek dismissal of the individual-capacity § 1983 claim against them. They contend that the Complaint does not identify affirmative conduct sufficient to establish a state-created danger. (DE 6 at 5–8.) Alternatively, they argue that the Complaint fails to plead supervisory liability and that they are entitled to qualified immunity. (*Id.* at 8–13.)

Plaintiffs respond that Moving Defendants exercised authority over school transportation, received repeated complaints concerning McGrory, and continued exposing M.E.W. to a known danger. (DE 14 at 3–8.) They also rely on decisions recognizing individual liability where school officials personally authorize or facilitate unconstitutional physical punishment. (*Id.* at 9–10.)

The Court evaluates the state-created-danger claim as pleaded and also considers whether the alleged facts plausibly support supervisory or other individual liability under § 1983, regardless of the label attached to the claim.

### A. Plaintiffs Have Not Plausibly Alleged a State-Created Danger.

The Fourteenth Amendment's Due Process Clause generally does not impose an affirmative obligation upon the State to protect individuals from harm caused by third parties. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195–97 (1989). The Fourth Circuit recognizes a narrow exception under the

state-created-danger doctrine. To establish liability under that doctrine, a plaintiff must show that the state actor directly created or increased the risk of harm through affirmative conduct rather than mere inaction or omission. *Doe v. Rosa*, 795 F.3d 429, 439–42 (4th Cir. 2015); *Callahan v. North Carolina Department of Public Safety*, 18 F.4th 142, 146–49 (4th Cir. 2021).

Awareness of an existing danger, without more, does not establish that a state actor created or increased that danger. *Rosa*, 795 F.3d at 439–41. Nor may an alleged failure to investigate, supervise, discipline, or protect be recast as affirmative conduct merely because the defendant exercised governmental authority. *Callahan*, 18 F.4th at 147–49.

Plaintiffs allege that McKinney and Long received complaints concerning McGrory and that Plaintiffs contacted the Transportation Department. (Compl. ¶ 15.) The complaints allegedly went unaddressed, and Moving Defendants failed to supervise or discipline McGrory before the alleged assault. (*Id.* ¶¶ 16, 59–65.)

Accepting those allegations as true, the Complaint describes a failure to respond to a preexisting danger, not an affirmative act by any Moving Defendant that directly created or increased it. Although Plaintiffs assert that Defendants used their authority to create an opportunity for harm (*id.* ¶ 65), they do not identify an affirmative act giving rise to an otherwise nonexistent or increased risk.

M.E.W.'s age, alleged vulnerabilities, and school-controlled transportation setting provide important context. They do not eliminate the affirmative-act requirement.

In *Doe v. Berkeley County School District*, 189 F. Supp. 3d 573, 578–80 (D.S.C. 2016), the court rejected a state-created-danger claim despite allegations that a principal placed the plaintiff in a classroom with a student whose prior misconduct was known. The assignment did not create or increase the preexisting danger. Here, the allegations that Moving Defendants allowed McGrory to continue driving, without facts identifying an affirmative act increasing the risk, likewise fail to satisfy the doctrine.

The Court notes an additional distinction. The state-created-danger doctrine ordinarily concerns harm inflicted by private actors. *Rosa*, 795 F.3d at 439. Here, McGrory allegedly inflicted the injuries while employed by HCSD and acting under color of state law. (Compl. ¶¶ 17–22.) Those allegations may support a direct claim against McGrory. *See Hall v. Tawney*, 621 F.2d 607, 613–15 (4th Cir. 1980). Liability of other officials for failing to prevent that conduct is more appropriately examined under personal-participation and supervisory-liability principles. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). The Court need not decide whether state-created danger categorically excludes harm inflicted by another state employee because the Complaint independently fails to plead the requisite affirmative conduct by the Moving Defendants.

McKinney's alleged presence warrants separate consideration. Plaintiffs allege, upon information and belief, that the conduct occurred in her presence. (Compl. ¶ 27.) They also allege that McGrory was permitted to drive the students home and that McKinney subsequently informed Plaintiffs of M.E.W.'s suspension,

characterized him as the aggressor, and refused their request to view the bus video. (*Id.* ¶¶ 28–30.)

The Complaint does not allege that McKinney directed, authorized, encouraged, or affirmatively facilitated McGrory's use of force. Nor does it identify an act by McKinney that created or increased the danger of the assault. Her later disciplinary communication and handling of the video could not have caused the earlier use of force.

The Court recognizes, however, that McKinney's alleged presence could bear on a distinct theory of personal liability. In *Hall*, the Fourth Circuit permitted a substantive due process claim against a teacher who inflicted excessive corporal punishment and a principal who authorized further punishment. 621 F.2d at 614–15. Similarly, *Meeker v. Edmundson*, 415 F.3d 317, 321–24 (4th Cir. 2005), addressed a coach who allegedly instituted, encouraged, and facilitated repeated physical abuse of a student. Those cases concern personal authorization or participation, not liability based solely on supervisory status, receipt of complaints, or presence at the scene.

*Randall v. Prince George's County*, 302 F.3d 188, 203–05 (4th Cir. 2002), likewise recognizes bystander liability where a law-enforcement officer knows that another officer is violating constitutional rights, has a reasonable opportunity to prevent the harm, and fails to act. *Randall* does not establish an identical duty for school administrators. Even assuming an analogous theory could apply, the Complaint does not allege what McKinney observed, whether she recognized a

constitutional violation in progress, or whether she had a realistic opportunity to intervene before further injury occurred.

Accordingly, the state-created-danger claim against McKinney, Long, and Benson fails as presently pleaded. The Complaint does not identify affirmative conduct by any of them directly creating or increasing the danger; inaction or failure to protect is insufficient under this doctrine.

**B. Plaintiffs Have Not Plausibly Alleged Supervisory Liability.**

Although Plaintiffs label their claim against the Moving Defendants "state-created danger," the Court also considers whether their allegations plausibly state a supervisory-liability claim. A complaint need not identify a precise legal theory when its factual allegations otherwise state a claim. *Johnson v. City of Shelby*, 574 U.S. 10, 11–12 (2014) (per curiam); *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

Under *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994), supervisory liability requires: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Section 1983 does not impose liability on a supervisor merely because of a subordinate's misconduct. *Iqbal*, 556 U.S. at 676–

77. Supervisory liability requires defendant-specific allegations of conduct and culpable state of mind. *King v. Riley*, 76 F.4th 259, 269–70 (4th Cir. 2023).

Plaintiffs collectively allege that McKinney, Long, and Benson had authority over the screening, hiring, supervision, and discipline of bus drivers. (Compl. ¶ 59.) But they do not sufficiently identify how each exercised that authority, what each knew of prior constitutional misconduct, or how each caused the alleged injury.

Plaintiffs allege that they complained to McKinney and Long and contacted the Transportation Department, and that other parents reported McGrory's profanity and verbal abuse. (*Id.* ¶ 15.) These allegations suggest McKinney and Long had notice of verbal mistreatment. But the Complaint does not identify prior incidents of excessive force, physical restraint, or comparable misconduct sufficient to establish a pervasive and unreasonable risk of constitutional injury under *Shaw*.

The Court does not hold that reports of verbal mistreatment could never signal a risk of physical abuse. Rather, the Complaint lacks sufficient detail about the reported conduct—its nature, severity, frequency, and circumstances—to plausibly establish that each Moving Defendant knew or should have known of the requisite pervasive risk.

The allegations against Benson are more attenuated. Although Plaintiffs contacted the Transportation Department, they do not allege that Benson personally received the complaints, learned their substance, or acted in response. (*Id.* ¶¶ 15–16.) His title alone does not establish the individualized knowledge or culpability *Shaw* and *King* require.

Nor do the allegations establish the remaining elements of supervisory liability. The collective assertion that complaints went unaddressed and thus caused M.E.W.'s injury (*id.* ¶¶ 16, 61–65) does not identify a deliberately indifferent response by any particular Defendant or establish an affirmative causal link between that response and the alleged constitutional injury.

Assuming, without deciding, that McGrory's alleged conduct could constitute a constitutional violation, the Complaint still does not establish individual supervisory liability against McKinney, Long, or Benson.

**C. Qualified Immunity**

Moving Defendants also assert qualified immunity. Because the Complaint does not plausibly allege a constitutional violation attributable to any of them, the Court need not determine whether the asserted rights were clearly established in these circumstances. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Rosa*, 795 F.3d at 442 n.10.

The Court therefore does not reach the second qualified-immunity prong. Moving Defendants may reassert qualified immunity in response to any amended complaint.

**D. Leave to Amend**

Plaintiffs alternatively request leave to amend. (DE 14 at 11.) Rule 15(a)(2) directs courts to grant leave freely when justice so requires. Relevant considerations include prejudice, bad faith, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laber v. Harvey*, 438 F.3d 404, 426–27 (4th Cir. 2006) (en banc).

The case remains at an early stage, and Plaintiffs have not previously amended their Complaint. The record establishes neither undue prejudice nor bad faith, and amendment is not necessarily futile.

The Complaint alleges McKinney's presence but does not describe her knowledge or opportunity to prevent harm. Plaintiffs represent that they can plead additional facts concerning prior complaints, transportation procedures, Defendants' authority, and specific conduct allegedly creating or increasing the danger. (DE 14 at 11.) The Court does not prejudge whether an amended pleading would state a viable claim.

Plaintiffs may file an amended complaint within fourteen (14) days of entry of this Order. Any individual-capacity § 1983 claim against McKinney, Long, or Benson must identify each Defendant's conduct and the constitutional basis for relief with sufficient facts to satisfy Rule 8. Plaintiffs may assert a legally supported theory other than that identified in the original pleading.

Because an amended complaint supersedes the original, it must include all claims Plaintiffs intend to maintain against any Defendant. Responses are due as provided by Federal Rule of Civil Procedure 15(a)(3). If Plaintiffs do not timely amend, the action shall proceed on the remaining claims without McKinney, Long, and Benson.

## IV. CONCLUSION

For all these reasons, the Motion to Dismiss (DE 6) is **GRANTED**. Plaintiffs' individual-capacity § 1983 claim against McKinney, Long, and Benson is **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs may file an amended complaint within fourteen (14) days of entry of this Order, consistent with Section III.D above.

The claims against Horry County School District, the South Carolina Department of Education, and Michael P. McGrory remain pending and are unaffected by this Order.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 5, 2026